**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

IN RE: :
:
SYLVIA RODRIGUEZ ELIAS :     CASE NO.   05-10140 ESL
:             Chapter 13
Debtor(s) :
:
:
_____ :

## OPINION AND ORDER

This case is before the court on debtor's objection to claim #6 filed by the Treasury Department of the Commonwealth of Puerto Rico ("Treasury"), alleging that the tax lien recorded in the Property Registry on March 21, 2001 has expired pursuant to 30 L.P.R.A. § 2469 since more than six (6) years have elapsed since its recordation. Treasury opposes on the ground that 11 U.S.C. § 108(c) tolls the applicable limitations. The court agrees. For the reasons set forth below, the court denies the objection to claim #6.

The basic and relevant facts are undisputed. Treasury recorded the tax lien in the Property Registry on March 20, 2001; debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on October 5, 2005; and the automatic stay provisions of 11 U.S.C. § 362(a) remain in effect. Thus, at he time of filing the petition the six (6) year period had not lapsed.

Section 108(c) extends the time period for commencing or continuing civil actions that are stayed by sections 362, 922, 1201 or 1301 of the Code. "It provides that if an action on a claim against the debtor in a court other than a bankruptcy court is stayed due to the bankruptcy case, any time deadline for commencing and continuing the action is extended to 30 days after notice of termination of the stay, if the deadline would have occurred on an earlier date." 2 Lawrence P. King, et al., Collier on Bankruptcy ¶ 108.04 (15th ed. rev'd 2007). "It applies only to civil actions in courts

on claims against the debtor"; "[c]ourts have generally held that it does apply to time periods within which a creditor must bring an action to enforce a lien before the lien expires." Id. at 108-14.

In Gurney v. State of Arizona Department of Revenue, 192 B.R. 529, 539 (9th Cir. BAP 1996), the court concluded that pursuant to sections 108(c) and 105(a) the equitable tolling doctrine may be applied when efforts to collect delinquent taxes were blocked by the automatic stay. The court stated that there is "a legitimate interest in preventing statutes from becoming a shield for serious inequity." Id. At 536. The tolling period "prevents the debtor from filing bankruptcy and the waiting until the statute of limitations has run on the creditor's claim." 1 Norton Bankruptcy Law and Practice 2d, § 16:4, pg. 16-6.

In view of the foregoing, debtor's objection to Treasury's claim #6 is hereby denied.

SO ORDERED.

San Juan, Puerto Rico, this 10th day of September, 2007.

_____
ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge

- 2 -